# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2012

No. 11-50924
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH GIANNI,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
No. 3:10-CR-2789-2

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joseph Gianni appeals the guidelines-range sentence of 135 months of
imprisonment that was imposed following his guilty-plea conviction of conspiring

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846. Gianni argues that the district court clearly erred by failing to award a minor-role reduction and in its drug-quantity determination.

This court reviews the district court's interpretation or application of the sentencing guidelines *de novo* and its factual findings, such as the determination of offense role and drug quantity, for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005) (offense role); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (drug quantity). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks and citation omitted).

Regarding the minor-role adjustment, the guidelines direct a court to adjust the offense level downwardly if the defendant played a mitigating role in the offense. U.S.S.G. § 3B1.2 (2010). A "minor participant," the category that Gianni contends that he falls within, is one who is "less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n.5). Gianni bore the burden of showing that he was entitled to the adjustment. *United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001).

Gianni did not offer evidence to support an adjustment. The district court "is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." § 3B1.2, comment. (n.3(C). Unrefuted facts in the presentence report ("PSR") do not support the conclusion that Gianni was substantially less culpable than the average participant or that his role was peripheral to the conspiracy. *See Villanueva*, 408 F.3d at 203; *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002).

The PSR, which the district court adopted, indicates that charges against Gianni arose from a joint investigation by federal and state authorities of the Sean Doss Drug Trafficking Organization (the "Doss DTO") and the organiza-

tion's illegal drug activities. The PSR provides extensive details of the activities of the Doss DTO and establishes that, on behalf of the Doss DTO, Gianni sold cocaine, participated in mixing and cutting cocaine, worked with Doss to procure cocaine, recruited a seller of cocaine, and operated a stash house. The determination that Gianni was not entitled to the minor-role adjustment therefore is not clearly erroneous. *See Villanueva*, 408 F.3d at 203-04.

Although Gianni objected to the drug-quantity determination, he did not offer evidence to rebut the PSR, so he failed to meet his burden of showing that the information in the PSR is materially untrue, and the court was entitled to rely on it. *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007); *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). Also, a court may extrapolate drug estimates "from any information that has a sufficient indicia of reliability to support its probable accuracy . . . even hearsay." *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted).

The PSR, which is based on investigative reports of the FBI and local officials, indicates that the Doss DTO trafficked an historical amount of 358.58 kilograms of cocaine during the relevant time period and that the investigation resulted in the seizure of 7.42 kilograms. Because Gianni's offense was a controlled-substance conspiracy offense, the guidelines explicitly anticipate that Gianni was accountable for all quantities of contraband with which he was directly involved and for the reasonably foreseeable quantities of contraband that were within the scope of the conspiracy. *See* § 1B1.3, comment. (n.2). Thus, the finding that Gianni's offense involved 333 kilograms is "plausible in light of the record as a whole" and does not amount to clear error. *Cisneros-Gutierrez*, 517 F.3d at 764 (internal quotation marks and citation omitted); *Betancourt*, 422 F.3d at 246.

AFFIRMED.